WhbeleR, J.
The first objection to the admissibility of the evidence, that is. the absence of an affidavit that the deed was forged, clearly is not tenable. The statute is applicable only in case it is proposed'to contest the genuineness of the instrument, and to require the party to prove its execution. But here the genuineness of the instrument was not contested. Its execution was not in question. But it was proposed to impeach its validity by evidence going-alone to the question of the authority of the party to make it. This it certainly was competent to do.
AVas the evidence offered, being hearsay, admissible to prove the fact which it was proposed to prove : that is, the death of Williams? In the learned notes to Philips’s Evidence, (Cow. & Hill’s N., 181,) many cases are cited where hearsay has been received to prove the fact of death. Such evidence appears to liave been received with less hesitancy where the deceased resided abroad, in a foreign jurisdiction. The fact of such residence abroad seems to have been sometimes considered as a ground for the admission of the evidence. (Ib.)
Evidence of hearsay to prove the fact of death appears to have been received in many of the American courts to whose opinions we are accustomed to pay the greatest deference, and, we think, with reason. Por, as has been said, that a person lias been missing at a particular time, accompanied with a report and general belief of his death, must be, in many cases, not only the best but the'oulv evidence which can be supposed to exist of liis death. (Id.; 15 J. E., 226; 5 Cow. B., 319.) - -
In the Supreme Court of the United States it was hold, in the case of Scott’s Lessee v. Ratcliffe, (5 Pet. R., 81,) that the testimony of a witness, that, in 1811, she, being in the cits'- where the deceased had resided, was there told that he was dead, without saying by whom she was told, was admissible to prove his death — Chief Justice Marshall saying, that the judges were all of the opinion that so much of the testimony of the witness as went to prove the death was admissible; though there was some diversity of opinion on another point. (Id., 86.)
Nor is the admissibility of such evidence confined, as has been insisted, to cases where the question is one of pedigree. It seems to have been allowed irrespective of that question, and iu oases where the inquiry was entirely abstracted from any question of pedigree. (1 Cow. & H's Notes to Phil. Ev., n. 173, 181.)
If, in tiie present case, the testimony of the two witnesses who were called to prove the death of AVilliams, stood alone, unsupported by other circumstances, we should doubt its competency to prove that fact. But when taken in connection with the facts in evidence when it was offered, we think it was admissible. The terms employed and subjects embraced in the power of attorney made by AVilliams in 1838 render it probable that it was made in contemplation of his going abroad. No witness testified to his having been in this country since that period, though he formerly lived in Brazoria county, where the power of attorney was executed. The deed executed by Waller, as his attorney iu fact, was'made afte*- the commencement of this suit; and, from its date, and reference to a former defective deed between the same parties for the same land, said to have been made more than ten years before, autl then lately recorded, there, can be little doubt that it was made in reference to the suit then pending. And if Williams had been in the country, or living within the knowledge of the party for whose benefit the deed was procured, it is quite probable that a resort would have been had to him, rather than to this old power of attorney, given more than eleven years before. After so great a *92 lapse of time from its execution, and such changes in the affairs of this country, there must be much reason to believe that the power of attorney had long since accomplished all the purposes for which it had been given, and liad been revoked, either by the act of the party or by the operation of law. The circumstances under which the evidence was offered rendered its admission proper, if they did not even justify the conclusion sought to be established, without it. That Williams had been absent from the country for many years seems to admit of little doubt; and he does not appear to have been heard of for more than seven years, except that he had died. Such an absence, without having been heard of, would authorize the presumption that he was dead. (Yates v. Houston, 3 Tex. R., 433; Hart. Dig., art. 238G.)
The evidence was, we think, under the circumstances, admissible, and at least prima facie sufficient to establish the fact which it was proposed to prove.
We have considered the question, taking the objection most favorably to the party making it, as going to the admissibility of the evidence offered. The bill of exceptions, however, is so framed as to leave it doubtful whether the objection went to the admissibility of the evidence or to the materiality of the fact proposed to be proved. If the latter only, it has not been so treated in the argument for the appellant. Hor will it admit of a question that the death of the principal was a material fact, and that it operated a complete revocation of the power of attorney. A power of attorv ey, not coupled with au interest, is revoked by the death of the principal, (Story on Agency, secs. 48S, 4S9; 2 Kent’s Comm., 445.)
We are of opinion that there is no error in the judgment, and that it.be affirmed.
Judgment affirmed.