No. 5761.

A. M. FRENCH ET AL. *v.* W. A. McGINNIS ET AL.

1. STATUTE CONSTRUED—PRESUMPTION.—Construing article 3221, Revised Statutes, *held:* that in a suit instituted by plaintiffs claiming to be heirs, the death of the ancestor through whom title is claimed will be presumed, when it is shown that such ancestor has absented himself beyond sea or elsewhere for seven successive years, there being no evidence showing that he was alive during that period. It is not necessary that it should be shown that the absence was from the ancestor's home, or that it should be proved that he had not been heard from during that period.

2. ANCIENT INSTRUMENT.—A sheriff's deed to land offered in evidence after the lapse of thirty years from the date of its execution, which fails on its face to recite from what court or county it issued, can not be admitted as an ancient instrument. Even if it had contained proper recitals, it could not be admitted as an ancient instrument in the absence of evidence accounting for the non-production of the judgment and execution.

3. FACT CASE—LIMITATION.—See opinion for facts, which, in the opinion of the court, were sufficient to sustain the plea of five years limitation.

APPEAL from McMullen. Tried below before the Hon. D. P. Marr.

This suit was brought by the heirs of Joseph McGinnis to recover one-third of a league of land. There was no evidence direct of the death of Joseph McGinnis. He was heard from by letter in 1848, and indirectly in 1851, when he wrote to his brother from California. There was no evidence that he ever established a home anywhere after he left Ohio in 1834. The

defendants offered in evidence a deed from the sheriff of Nueces county to the land, dated in 1851, as an ancient instrument. The deed failed to declare by virtue of what judgment the sheriff's sale was made, and was excluded. Other facts appear from the opinion.

*Welch & Givens* for appellants : On their proposition that where an instrument is admissible as an ancient deed, the power under which it purports to have been issued will be presumed, cited, Watrous v. McGrew, 16 Texas, 507, 513; Dailey v. Starr, 26 Texas, 562; Hooper v. Hall, 35 Texas, 82; Veramendi v. Hutchins, 48 Texas, 531; Johnson v. Timmons, 50 Texas, 534.

On their proposition that the court erred in its second charge to the jury, in instructing them that they might find for the plaintiffs, if they found from the evidence that Joseph McGinnis absented himself beyond the sea or elsewhere for seven successive years, without stating that the absence must be from his home, and without any qualification as to whether he had been heard from or not during said seven years, they cited Revised Statutes, article 3221; Yates v. Houston, 3 Texas, 450; Primm v. Stewart, 7 Texas, 183.

On their proposition that where there is no conflict of evidence, and the plea of five years limitation is fully sustained by proof of actual, peaceable, open, notorious and adverse possession, with payment of all taxes from April 16, 1878, to August 6, 1883, when suit was originally brought, verdict and judgment should be for defendants pleading and proving such limitation, they cited Bronson v. Scanlan, 2 Texas Law Review, page 69 Woodson v. Allen, 54 Texas, 555; Pearson v. Burditt, 26 Texas, 172.

*Archer & Atkinson,* for appellees: On the proposition that a sheriff's deed to land being the act of a public officer, discharging an official duty, offered in evidence as a muniment of title and as an ancient instrument, is properly excluded if the judgment and execution, or at least some proof that they have existed, are not offered in support of such deed, cited Howard v. North, 5 Texas, 290; Jones v. Taylor, 7 Texas, 242; Leland v. Wilson, 34 Texas, 80; 1 Greenleaf, section 20.

That proof of the judgment and execution to support a sheriff's deed offered in evidence, can never be dispensed with, and the recital in the officer's deed is no evidence that they

ever existed, they cited Howard v. North, 5 Texas, 290; Jones v. Taylor, 7 Texas, 242, 243; Leland v. Wilson, 34 Texas, 80.

That when the evidence is conflicting and preponderates against the finding of the jury, it will not be sufficient ground to reverse the judgment if there be any evidence on which the finding of the jury may be sustained, they cited International & Great Northern Railroad Company v. Hassell, 62 Texas, 260; International & Great Northern Railroad Company v. Dawson, 62 Texas, 262.

COLLARD, JUDGE. There can be no question, under the evidence, that the defendants and those in privity with them, have had adverse possession under deeds duly recorded continuously for five years next preceding the filing of the suit claiming the McGinnis land, and using it as their own. The only question that can be made is, was such possession a possession of the McGinnis one thousand four hundred and seventy-six acres?

The only evidence upon this subject was that of Wells and Steele. Steele says he was on the land as a "squatter," and while so occupying it he leased it from Fenno D. Bell, April —, 1878, and at once put up a house, or "jacal," a "buck" pasture of one hundred acres, and sheep pens, at a cost of two hundred and fifty or three hundred dollars. He is positive that these improvements are on the McGinnis land; knows it from the survey of the county line. "The houses were some where near the Palo Alto crossing. I remember the boundary line. The houses were near the north boundary, down from the river about two hundred yards from the west line, and they are there now. The surveyors who ran the county line told me I was on the McGinnis. I know nothing about the lines except what the surveyors say; have never seen the original corners or marked lines."

Wells, in giving a history of the several occupations under defendants and their vendor, speaks of it all the time as the McGinnis land; says "the house is on the northwest portion of the land, in a few hundred yards of the line. The surveys were made recently by Caldwell and A. M. French, the defendant. I know it is the Joseph McGinnis survey from the lines run out in the last four or five years. The house is near the river, about fifty yards off. A. M. French, in surveying, put the northwest corner about one hundred and eighty yards from the houses; from this corner, and looking in the direction of my own corners, I could tell the house was on the McGinnis survey. The

point established by French as the northwest corner was marked by a stake placed there by French; it was not an old corner. I did not hunt for the original corners or marked lines. Different surveyors have been surveying around there since 1875, and from what they said I know that the house was on this land." It was admitted that defendants had paid all the taxes due on the land from 1873 to 1883, inclusive. The court submitted appropriate instructions on the plea of five years limitation.

Upon the issue of the death of Joseph McGinnis, the charge was as follows: "If the plaintiffs have satisfied you that said Joseph McGinnis was dead at or before the institution of this suit, or that said McGinnis had absented himself beyond the sea, or elsewhere, for seven successive years, and if the evidence does not show that he was alive within that time, then you will find your verdict for the plaintiffs, unless," etc. The appellants insist that this charge was error because it was not qualified by stating that the absence must be from his home; and was without qualification as to whether he had been heard from or not during the seven years. The charge is in the language of the statute (Rev. Stats., art. 3221), and is correct. If defendants were dissatisfied with the charge, it was their duty to ask the necessary qualification by special instructions. Having failed to do so, they can not avail themselves of the omission by merely assigning it as error, if, indeed, there be error, which we do not find. The statute is clear and explicit, needs no construction, and the charge was in conformity with it. (Shumard v. Johnson, 66 Texas, 70; Queen Ins. Co. v. Ice Co., 64 Texas, 583.)

Had the court admitted the deed from the sheriff of Neuces county to David Ayers, of August 5, 1851, as an ancient instrument, and had the law warranted its admission, defendants would have shown a complete chain of title to the land. The court refused to admit the deed upon objection being made, and we are of opinion that the ruling of the court was correct. The recitals in the deed, so far as the record discloses the fact, do not show from what court or what county the execution was issued, but if they had, the deed was still not in a condition to be admitted as an ancient instrument, or for the jury to presume the existence of the execution and the judgment. There was no attempt to account for this non-production, to show that they were lost or destroyed and could not be produced. While they might not have emanated from a court of record, such proceedings are required to be preserved in a justice's court and

the rule would be the same. If there ever was such a judgment and execution, they may be in the possession of their proper custodian and in such case the proof of their existence can be made. Hence it is necessary to show that they can not be produced. In the case of Tucker v. Murphy, 66 Texas, 59, where there was a deed by a person as administrator of an estate reciting the fact, and reciting that there was an order of sale from the proper probate court to sell a certificate, a regular sale and confirmation by the court, but the orders of the court were not produced and there was no proof of the loss or destruction of the records of such court, Justice Stayton uses this language: "It is true that, ordinarily after the lapse of thirty years the power of a person, who assumes to have executed a deed under a power from another, or in a fiduciary capacity, will be presumed. This, however, is but a presumption of fact which is indulged upon the idea that time has made it impracticable to make such proof of the actual existence of the power as may be made in regard to matters recently transpiring. Whether such presumption will or may be indulged, in a given case, must depend on the facts presented." He concludes by saying in reference to the orders of the probate court in that case: "We are, therefore, of opinion that the failure of the plaintiffs to produce a properly certified transcript of such orders, or to show to the court some sufficient reason why this was not done were facts justifying the court in refusing to presume facts which if they existed, in the absence of proof to the contrary, must be presumed to be capable of proof by the very evidence which the law requires to be preserved as the evidence of their existence." The same rule would apply in the case now under consideration, and we approve the ruling of the court below as to the inadmissibility of the deed of the sheriff to David Ayers as an ancient instrument. The deed was read as a recorded deed under the plea of five years limitation.

After a careful examination of the evidence as it appears in the record, we fail to find any evidence contradicting defendant's witnesses as to the locality of the McGinnis survey. There was no conflict or disagreement in the testimony. Plaintiffs did not offer to show that it was at a place other than that designated by defendant's witnesses. That the improvements were on the McGinnis, for aught that appears in the record, can not be doubted. There being no conflict in the evidence, we are of

opinion a new trial should have been granted, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 28, 1887.