## J. C. McNeill et al. v. H. Masterson et al.

### No. 3032.

1.    **Petition Held Sufficient—Legacy.**—Plaintiff as assignee sued for one-fourth interest in a legacy of $5000, alleging that the estate owed no debts at the death of the testator, nor at any time thereafter; that on 13th of May, 1872, defendants came into possession of the said $5000 bequeathed,   *   *   *   which is subject and liable to said

legacy, and is held by J. C. and C. P. McNeill, defendants, in trust, etc.; and that all the contingencies had transpired which entitled his assignor under the terms of the will to the sum for which he sued. *Held*, the petition showed a cause of action and was good on general demurrer.

2. **Parties.**—A fund of $5000 upon the death of a legatee named was to go to the children of Mrs. Martin. The death happened. Mrs. Martin had four children, two of them minors. One of the adult children assigned to plaintiff; the other guaranteed the payment. Plaintiff made the adult legatees and the trustees parties defendant. *Held*, upon exceptions for want of parties, that as the judgment could in no way affect the rights of the minor legatees they were not necessary parties to the suit, no question being made as to the amount being on hand.

3. **Suit Pending as Defense—Dismissal.**—An abandonment of the claim made in reconvention or cross bill in another suit setting up the interest of the assignor of plaintiff in the legacy, operated to defeat a plea of the pendency of such suit upon the same matter pleaded by the defendants.

4. **Specific Legacy out of General Assets.**—See facts in which it was properly held that they sustained a finding by the court that the legacy in question took precedence over other gifts, such other gifts being held as residuary.

APPEAL from Harris. Tried below before Hon. Presley K. Ewing, Special District Judge.

The opinion gives a statement.

*Oscar D. Kirkland*, for appellants.— 1. The petition should allege every material traversable fact necessary to entitle plaintiff to recover; and defendants not being liable to pay the legacy of $5000 unless they had derived from the general assets of the estate funds sufficient to pay the same, after first paying all the debts and funeral expenses of the testator as well as the specific devises and legacies provided for in the will, such facts are material and should have been alleged; and if there were proof of such facts it should have been disregarded, because material facts unalleged, although proved, can not form the basis of a judgment or decree. Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 309; Jennings v. Moss, 4 Texas, 452; Paul v. Perez, 7 Texas, 345; Ross v. Breeding, 13 Texas, 16; Sneed v. Moody, 24 Texas, 159; Seligson v. Hobby, 51 Texas, 149; Dibrell v. Ireland, 1 Ct. App. C. C., 302; Nugent v. Martin, 1 Ct. App. C. C., 1174.

2. All persons whose interests would be affected by the decree or who have any interest in the subject matter of the suit are necessary parties to the suit. Charles and Calvin Martin being colegatees under the will of Levi Jordan with Willie Martin, and their moieties not having been paid, their interests would be affected by any decree rendered in this case adverse to the assignee of Willie Martin; therefore they are necessary parties and the failure to join them therein is a material error. Dandridge v. Custis, 2 Pet., 376; Marshall v. Beverly, 5 Wheat., 315; Connecticut v. Pennsylvania, 5 Wheat., 425; Shields v. Barrow, 17 How., 139; Barney v. Baltimore, 6 Wall., 284; Williams v. Bankhead, 19 Wall.; Hawes on

Parties, pp. 22 (secs. 46, 48, 54), 78 (sec. 10), 102 (secs. 22, 32); De la Vega v. League, 64 Texas, 205; Rev. Stats., art. 1209; Ship Channel Co. v. Bruly, 45 Texas, 6; Rexroad v. McQuain, 24 W. Va., 32; 13 Am. and Eng. Encyc. of Law, 189, note.

3. It was not competent for Willie Martin to withdraw his cross bill in cause No. 4266, by filing an amendment in which he only omits that part of his suit which relates to the legacy in question and therein still maintains that part of said suit which relates to the recovery of a distributive share of the residuum of the assets of the estate of Levi Jordan, deceased, and then file and maintain a separate suit in the same court for the legacy. Wortham v. Boyd, 66 Texas, 401.

4. The court erred in his second conclusion of law in finding that articles 9 and 10 of the will of Levi Jordan are general and residuary. 2 Redf. on Wills, 128, 132; Mann v. Exrs. of Mann, Redf. Am. Cases, 527; Will. on Exrs., 838.

*Jones & Garnett,* for appellee.

STAYTON, CHIEF JUSTICE. — The article of the will of Levi Jordan through which appellee Masterson claims the one-fourth of the $5000 therein named is as follows:

"Article 5. I give and bequeath to my grandsons James C. McNeill and Charles P. McNeill $5000 gold, to hold in trust for the following purposes, to-wit: To be put at interest, the interest thereon to be paid annually in gold to my daughter Emily McNeill during her lifetime, and at her death the said sum is to be kept at interest and the interest is to be applied by said trustees to educating the children of my granddaughter Ann R. Martin during their minority. The said sum of $5000 is to be equally divided between said children, the share of each to be paid to him or her as he or she attains the age of twenty-one years or marries; and in the event of the death of either of said children before majority or marriage, then and in that event the share to which said child would be entitled shall be equally divided between the survivors or given to the survivor."

This direction of the will was complied with in so far as it required the payment of interest to Emily McNeill on $5000 as long as she lived, but that sum seems not to have been segregated from that part of the testator's estate which passed to his grandsons under the ninth and tenth articles of the will, which were as follows:

"Article 9. I give and bequeath to my three grandsons James C. McNeill, Charles P. McNeill, and W. A. C. McNeill all the stock of mules, horses, and cattle that may be on my homestead place at the time of the death of my wife, Sarah Jordan.

"And I desire and will that all the money (except the $5000 above dis-

posed of) and all the notes or other evidences of debt due me which I may have at the time of my death be equally divided, share and share alike, between my said three grandsons; and in the event of the death of either of them before majority or marriage or childless, then the share of the one so dying shall be equally divided between the survivors or shall be given to the survivor.

"Article 10. Whereas, I have taken out a policy of insurance on the life of Robert Stanger for $1000 gold, which I hold as a security for debt now owing me and which may be owing me on a final settlement with him, which said policy is to be endorsed to said Stanger upon his paying me all he now owes me or may owe me on a full and final settlement; but in the event he should not pay me in full on a final settlement, and in accordance with an agreement in writing executed by him and myself, then and in that event I will that the said policy shall be the joint property of my three above named grandsons upon the same terms and conditions as the money bequests above made."

During the lifetime of the testator, as recited in the will, he had given valuable property to the two grandsons first named in article 9, who were made executors of the will, and by a preceding article of the will he had made provision for the grandson last named.

Mrs. Ann R. Martin had four children, and one of them on arriving at his majority transferred his interest in the fund named in the fifth article of the will to Masterson, the appellee who brought this action against the trustees to recover one-fourth of the sum named and interest accrued thereon, less some small sums paid to the legatee from whom he purchased.

That legatee and another of the children of Mrs. Martin, both of whom had guaranteed to Masterson the interest in the fund transferred to him by the one, were also made defendants, but the other children of Mrs. Martin were not.

The petition alleged the testator's " estate owed no debts at the death of Levi Jordan or at any time thereafter, and that said defendants J. C. and C. P. McNeill, on the 13th day of May, 1873, or about that time, came into possession and have ever since been in possession of the said $5000 bequeathed in article 5 of said will, and which amount was and is subject and liable of said legacy, together with interest thereon, and is held by said J. C. and C. P. McNeill in trust as required in said will."

It further alleged that all the contingences had transpired which entitled his assignor under the terms of the will to the sum for which he sued.

It is now urged that the court should have sustained a general demurrer to the petition because it did not "allege that the debts and funeral expenses of Levi Jordan were paid, and that a sufficiency of funds of the general assets of the estate were left in the hands of the defendants to pay the legacy of $5000 in full and all the other general and specific legacies and devises provided for in the last will of Levi Jordan, deceased."

We are of opinion that the averments of the petition were sufficient on general demurrer, and if defendants desired them to be more specific they should have pointed out the defects, if any existed, by special exception.

It is urged that "the court erred in overruling the special exception of defendants to plaintiff's original petition on the ground that said petition failed to join in said suit as parties plaintiff or defendant Charles and Calvin Martin, the colegatees with Willie and R. F. Martin, Jr., in the last will of Levi Jordan, said petition showing on its face that said Charles and Calvin Martin were minors and that their moieties of said legacy had not been paid and were therefore equally interested in the suit at bar with the assignee of Willie Martin."

While it is true that all parties interested in the subject matter of litigation whose interests may be affected by its result are necessary parties, we do not see that the interest of the two children of Mrs. Martin, legatees under the will, but not made parties, can in any manner be affected by the result of the judgment rendered in this case.

Mrs. Emily McNeil having died, each one of the children of Mrs. Ann R. Martin, on arriving at majority or on marriage, became entitled to an equal share of the $5000, and it became the duty of the trustees at such periods to make payment to each.

The fact that payment of the sum due to one may be paid with or without suit in no manner affects the right or interest of any other.

If there had been any reason why, on account of a deficiency of the assets of the estate to pay the legacies to all in full, plaintiff should not collect one-fourth of the $5000 with his share of accrued interest, that matter might have been set up as a defense, and the court would not have directed, if in the hands of the trustees, the payment to plaintiff of more than his pro rata.

There was, however, no specific fund in the hands of the trustees set apart to meet the legacies given by the fifth article of the will, and the plaintiff is driven to this action against the trustees to recover a general judgment against them, to be satisfied as may be any other. Such a judgment can not in any manner affect the interest of the children of Mrs. Martin not made parties.

Defendants set up the pendency of another suit on the same cause of action as this in abatement of this action, but the court found that the cross petition, which in that case was filed by plaintiff's assignor, in so far as it sought any relief on the cause of action on which this suit is based, was withdrawn and in so far abandoned.

The litigation in which that cross bill was filed involved the interest of plaintiff's assignor in the estate of the wife of Levi Jordan, which it was claimed had gone into the hands of the executors of the will of her husband, but in some manner the legacy in question was also set up in the cross bill.

We do not see that the assignor of plaintiff could not lawfully abandon so much of his cross bill as sought any relief based on the cause of action set up in this case; and having done so, the fact that the matter involved in this case may have been for a time involved in the other furnishes no reason why this action should have been abated.

The two matters probably should never have been joined; but be this as it may, the abandonment of the former suit, in so far as it was based on the cause of action asserted in this, is an answer to the plea in abatement.

The court below found that "the assets of the estate, exclusive of the specific devise of plantation and specific bequest of horses, mules, and cattle—that is to say, the notes and other choses in action and money, together with the insurance policy mentioned in article 10—were more than sufficient to pay the legacy of $5000 contained in article 5, and the executors realized from assets sufficient in value, after deducting all reasonable expenses incurred in realizing them, and the debts owing by the testator, more than sufficient to pay the said legacy of $5000 and to cover the amounts expended under article 11 of the will."

The court further found that the testator did not leave money enough at his death to meet the legacy in question, and held as matter of law that all the bequests in the ninth and tenth articles of the will, except the specific bequest of horses, mules, and cattle, were residuary in character and the net proceeds thereof subject to the payment of the specific legacy given by the fifth article.

This holding is assigned as error, but looking to the entire will we see no reason to doubt the correctness of the court's conclusion on all questions affecting the right of Masterson to have judgment rendered in his favor.

Finding no error in the proceedings leading to the judgment it will be affirmed.

*Affirmed.*

Delivered February 24, 1891.