GEORGE R. SUMMERHILL ET AL. v. TEMPE DARROW ET AL.

No. 913.   Decided June 28, 1900.

**1. Evidence—Domestic Relations—Declarations of Deceased.**

Declarations of a deceased member of the family in proof of death, birth, marriage, and the like, are admitted, in this State, to prove such facts, in all cases where they are subjects of investigation, under the same limitations as in cases of pedigree. (Pp. 74, 75.)

**2. Same—Limitation—Coverture—Declarations in Will of Decedent.**

On the issue of coverture in avoidance of the defense of limitation to the claim of Tempe Darrow, a litigant, the will of her mother Elizabeth Swoope naming as her residuary legatee "my only daughter and heir, Tempe Swoope Darrow," and as executor "my son-in-law George M. Darrow," were competent and sufficient evidence to establish the coverture of such litigant at the date of the execution of such will. (Pp. 74, 75.)

**3. Same—Limitation—Coverture—Presumption—Continuance of Status.**

A status, such as marriage, once established, is presumed to continue until the contrary is proved; and a litigant shown by the recitals of a will to have been married before the cause of action which she asserts arose to a husband who joins her in bringing the suit was not barred by limitation.   (Pp. 75, 76.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Bowie County.

See Darrow v. Summerhill, 93 Texas, 92, where certified questions in this case were decided.

*C. A. Culberson, R. L. Henry,* and *Henry & Henry,* for plaintiffs in error.—The Court of Civil Appeals erred in finding as a matter of fact "Tempe Darrow was a married woman at the time she paid the $6000 to Hanner, as executor of James Park," because there is not one scintilla of evidence in the statement of facts proving that "she was a married woman at said time;" and the Court of Civil Appeals erred in its holding or its conclusion "that Tempe Darrow was a married woman when she paid $6000 to Hanner," because this conclusion is not sup-

ported by one word of testimony either in the statement of facts from the District Court or the finding of facts in the opinion of the Court of Civil Appeals. This "conclusion" stands alone as a mere conclusion, unsupported by one word of competent evidence to prove the marriage of Tempe Darrow to George M. Darrow, either before or after the payment of the $6000. Dublin v. Railway, 49 S. W. Rep., 668, 669; Lynch v. Ortleib, 87 Texas, 590; Ortiz v. Benavides, 61 Texas, 60; Corley v. Anderson, 5 Texas Civ. App., 213-220; Lewis v. Terrell, 7 Texas Civ. App., 314; Harvey v. Cummings, 68 Texas, 607; Hogan v. Kurtz, 94 U. S., 773, 31 Ark., 376; Wood on Lim., sec. 8, pp. 17-22; Black on Judg., sec. 892; Watkins v. Edwards, 23 Texas, 447; Hillebrant v. Brewer, 6 Texas, 52; 1 Greenl. on Ev., secs. 2, 82, 84, 124, 103, 104; 2 Greenl. on Ev., secs. 461, 462; Brown v. Elmendorf, 87 Texas, 59; Hughes v. Lane, 25 Texas, 365; Childress v. Grim, 57 Texas, 56; McDonald v. Hovey, 110 U. S., 619, 628, 270; Davis v. Coblens, 174 U. S., 721, 743, 1148; Jackson v. Houston, 84 Texas, 626; White v. Latimer, 12 Texas, 61, 62; Land and Cattle Co. v. Ward, 1 Texas Civ. App., 309; Johnson v. Schumacher, 72 Texas, 338; Moody's Heirs v. Moeller, 72 Texas, 637; Becton v. Alexander, 27 Texas, 669; French v. Strumberg, 52 Texas, 110; Taylor v. Bland, 60 Texas, 31, 32; Ragsdale v. Barnes, 68 Texas, 505; Pease v. Bergen, 6 Texas Civ. App., 643; 24 Am. and Eng. Enc. of Law, pp. 322, 323, and notes; Rev. Stats., arts. 3352, 3371; Harris v. Wells, 85 Texas, 312; Demarest v. Wynkoop, 3 Johns. Ch., 130; 8 Am. Dec., 468—opinion of Kent, Chancellor. See authorities there cited by Kent.

The statute of limitations of two years is applicable to this case. Rev. Stats., art. 3354; Faires v. Cockerell, 88 Texas, 437; Darrow v. Summerhill, 93 Texas, 92; Harris on Subrogation, sec. 844.

It is evident that this [clause of the will] is not a declaration that George M. Darrow and Tempe Darrow were husband and wife. If we take the statement of the testator that Tempe Darrow was then her only child and heir, in connection with the later statement that George M. Darrow was her son-in-law, we have a probable state of coverture; but if two sisters had married two brothers and one of each had died, not an infrequent occurrence, this statement would be equally true, and yet coverture would not necessarily exist. If, however, from inference and deduction from this extract, we may suppose Tempe Darrow and George M. Darrow were husband and wife on November 10, 1890, when the will was executed, yet it certainly can not be held to prove coverture in 1894, when the Court of Civil Appeals is of the opinion that the cause of action accrued. But it does not establish coverture at any time. It was not introduced in evidence on the plea of coverture, obviously, but wholly for the single purpose of establishing the devise from Mrs. Swoope and the appointment of executors. It was not admissible in evidence on the plea of coverture, and yet is not of such nature that it can be used against plaintiffs in error on the ground that no objection to it may have been made, because, among

other reasons, it was offered and was admissible for another object. It is more than inadmissible evidence of coverture; inherently it is not evidence thereof at all. It is certainly insufficient proof of coverture to avoid the plea of limitation (Hillebrant v. Brewer, 6 Texas, 52; Watkins v. Edwards, 23 Texas, 447), but the proper and real characterization is that it is not in law competent evidence thereof to any degree. 1 Greenl. on Ev., sec. 2.

It is not testimony or evidence by which the fact or condition of coverture can be established. 1 Greenl. on Ev., secs. 82, 84, 124.

Proof of marriage may be made in two ways: first, by direct evidence of the fact, and second, by evidence of collateral facts and circumstances from which it may be inferred. 2 Greenl. on Ev., secs. 461, 462.

The declaration in the will can not be held to be direct evidence that the parties were married, for it is neither production of the marriage register nor the testimony of a witness present at the ceremony or who otherwise knew the fact, nor that of either of the parties themselves, nor the judgment of a court having jurisdiction thereof. It is not, on the other hand, evidence of collateral facts and circumstances, such as reputation, declarations, and conduct of the parties, from which marriage may be presumed.

Marriage may also be established in proper cases by declarations in deeds and wills (1 Greenleaf on Evidence, sections 103, 104), but in this case there is no declaration of marriage or state of coverture. The clause in the will is not a statement or declaration that the parties were married or were husband and wife. Too much is left to argument and conjecture. If the clause has any bearing upon the question at all, it merely raises an inference or probability of coverture and, of course, can not dispense with the necessary proof on the subject.

Under the circumstances this court is authorized to review the action of the Court of Civil Appeals, because the judgment denies the right of plaintiffs in error to insist upon proof of coverture, and also because there is absolutely no evidence thereof in the record. Brown v. Elmendorf, 87 Texas, 59. It is incumbent upon this court to determine the legal effect of the clause in the will upon which alone the finding of coverture is based. Sherman v. Connor, 88 Texas, 40.

*A. L. Beaty,* for defendants in error.—Declarations in wills of blood relatives, since deceased, made ante litem motam are competent as primary evidence to prove marriage. Boone v. Miller, 73 Texas, 564; Pearson v. Pearson, 46 Cal., 609; 5 Am. and Eng. Enc. of Law (old ed.), p. 362.

BROWN, ASSOCIATE JUSTICE.—This case was before us upon certified questions which embraced all of the propositions presented in the plaintiffs' petition for writ of error, except those hereinafter discussed. We deem it unnecessary to review the questions heretofore determined,

but refer to our former opinion, which will be found in Darrow v. Summerhill, 93 Texas, 92.

The petition for writ of error was granted upon the ground that the Court of Civil Appeals erred in finding that the claim of Tempe Darrow was not barred by the statute of limitations, which involves these questions: (1) Were the recitals in Mrs. Swoope's will competent evidence to prove that Tempe Darrow was a married woman at the time her cause of action accrued? (2) Were the recitals sufficient evidence to establish the fact of coverture at the time the cause of action arose and at the time the suit was instituted?

The facts pertinent to this question, briefly stated, are that James Park, who resided in the State of Tennessee, sold a tract of land in Texas—the same upon which the lien is here sought to be foreclosed—to George R. Summerhill, a citizen of Alabama, reserving a vendor's lien and taking several notes to secure the purchase money. One of the notes being unpaid, Park sued Summerhill in a circuit court in the State of Alabama and recovered judgment against him for the amount of the note. Subsequently, an execution issued upon the judgment and Summerhill sued out an injunction to restrain the enforcement of it, giving a bond under the laws of that State upon which John Peters became a surety. After Peters became a surety, he conveyed his property to Elizabeth Swoope, she assuming to pay all of his debts. John Peters died, and, after his death, the injunction was dissolved and steps were taken, as required by the laws of that State, to enforce the injunction bond against the principal and sureties. Mrs. Swoope was liable for the debt, having in her possession the property conveyed to her, and she, making her will, devised the property to Tempe Swoope Darrow, her daughter, who paid the debt in the year 1894, and, on the 25th day of January, 1898, intervened in this cause, setting up the claim against George R. Summerhill for the amount of money paid and seeking to foreclose the vendor's lien upon the land claimed by the defendants.

Mrs. Swoope made her will on the 10th day of November, 1890, which was probated on the 12th day of January, 1891. The will was introduced in evidence and contained these recitals: "As to all the rest and residue of my estate, both real, personal, and mixed, wherever situated, I give, devise, and bequeath the same to my only daughter and heir, Tempe Swoope Darrow, and her heirs forever;" and "I hereby appoint my brother, Mark R. Haley, and my son-in-law, George M. Darrow, to be the executors of this my last will and testament."

The first question presented is, could the coverture of Mrs. Darrow be proved in this suit by the recitals in the will of her mother? The English courts and some of the courts of America restrict the use of such evidence, in the proof of death, marriage, and the like, to cases in which a question of "genealogy" is under investigation. 2 Taylor on Ev., sec. 645; Westfield v. Warren, 3 Halst. (N. J.), 245. Our Supreme Court has acted upon a much more liberal doctrine with

regard to hearsay testimony in proof of such facts, and has adopted the rule that the declarations of relatives are admissible to prove the facts of death, birth, and marriage in all cases where they are the subjects of investigation, under the same limitations as would apply in case of pedigree,—that is, such declarations must have been made before the beginning of the controversy and the declarant must be dead at the time the evidence is offered. Primm v. Stewart, 7 Texas, 178; Collins v. Grantham, 12 Ind., 442; Swink v. French, 11 B. J. Lea, 78; Brookfield v. Warren, 16 Gray, 174; Wilson v. Brownlee-Homer Co., 24 Ark., 588; 1 Greenl. on Ev., 16 ed., sec. 114g. In the case of Brookfield v. Warren, the court said: "If this evidence is admissible to prove such facts at all, it is equally so in all cases wherever they become legitimate subjects of judicial inquiry and investigation." It will not be denied that if this were a controversy in which Mrs. Darrow's marriage was an important fact in the pedigree of one of the litigants, the recitals in her mother's will would be competent testimony; and the court of Massachusetts is logical when it says that the testimony which will prove a fact for the purpose of sustaining pedigree will prove the same fact for the purpose of sustaining any other right depending upon the same fact. We conclude, therefore, that the recitals in the will being in conformity with the limitations which the law applies to such evidence,—antedating the controversy and the declarant being dead,—were competent to prove the marriage of Tempe Darrow and George M. Darrow.

The will does not directly declare directly that Tempe Darrow and George M. Darrow were husband and wife, but states two facts: (1) That Tempe Swoope Darrow is the only daughter of the testatrix, and (2) that George M. Darrow is her son-in-law. From these facts, the conclusion is natural that Tempe Swoope became Tempe Swoope Darrow by intermarriage with a man by the name of Darrow, that George M. Darrow became son-in-law to the testatrix by marrying her daughter, and as Mrs. Swoope had but one daughter, she could have but one son-in-law, which necessarily results in the conclusion that Tempe Swoope and George M. Darrow were husband and wife at the time the will was executed.

Under our former decision, Tempe Swoope Darrow was, by her payment made upon the judgment against George R. Summerhill, entitled to be reimbursed by him or his estate in the sum that she paid upon the said judgment, and having discharged that debt, which was secured by the vendor's lien upon the land in controversy, was subrogated to that lien. Her cause of action arose at the date of the payment by her in 1894, and, being a married woman when the payment was made, the statute of limitations did not run against her. But it is claimed that the recitals in the will do not establish that she was a married woman at the time she made the payment nor at the time she intervened in this suit. It is a familiar principle of law that when a status such as marriage is once established, it is presumed to continue until the contrary

is proved. The proof showed that Mrs. Darrow was a married woman at a time antedating her cause of action, and she and her husband joined in the plea of intervention as husband and wife. There is nothing to show a cessation of the coverture in the meantime.

The evidence of the coverture of Tempe Darrow is undisputed, and the Court of Civil Appeals did not err in reversing the judgment of the District Court and entering judgment for Tempe Darrow, foreclosing the lien upon the land in controversy, and the said judgment is therefore affirmed.

*Affirmed.*