### CHARLES SCHMIDT v. JOHN BRAUNN.

*Litis pendem* is not necessarily a peremptory exception; for, if the litigation pleaded in the exception be at an end when the exception is argued, the exception falls as a matter of course.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Ducros* and *Halen,* for plaintiff. *Budd,* for defendant and appellant.

BUCHANAN, J.* On the 9th of February, 1850, plaintiff sold at public auction a lot of ground, which was adjudicated to defendant for twelve hundred dollars, payable one-fourth cash and the remainder at six, twelve and eighteen months credit. The defendant deposited the cash with a notary, who absconded with it. Afterward, defendant sued plaintiff for a conveyance of the property; but it was decided in the last resort, that he was not entitled to have the land, the money taken by the notary being at his risk, and not at that of the vendor, from the time of its deposit. See the case of *Brown* v. *Schmidt,* reported in 7th Annual, page 349, which was decided at the June term, 1852. In that case, *Schmidt,* the present plaintiff, had pleaded in reconvention, claim-

---

*Spofford,* J., declined to take any part in this case.—REP.

ing the price of the land sold. This reconventional demand was rejected by the same judgment of the Supreme Court. The present suit was brought in February, 1852, tendering a title accompanied by a clear mortgage certificate. Defendant first filed the exception of *litis pendem*, the reconventional demand being then pending in the Supreme Court. This exception was tried in June, 1852, after the decision of that case, and was overruled; which forms the first ground of complaint of appellant. We do not think the Judge erred. *Litis pendem* is not necessarily a peremptory exception. It is cured by the termination of the suit mentioned in the plea. Such was the case in the present instance. The litigation pleaded in the exception being at an end when the exception was argued, the exception fell to the ground as a matter of course.

Upon the merits, the plaintiff is entitled to recover. The incumbrance upon the property sold, appears by the mortgage certificate to have been raised on the 14th of May, 1850, and the defendant was duly put in default by the tender, on the part of the plaintiff, on the 2d of February, 1852, of a fulfilment of his obligation as vendor. C. C. 1907. There is something in the evidence which might induce the belief that defendant had previously put plaintiff in default—it is the admission of record, that Mr. *Gaiennié* would have stated, if present, that he served a letter on *Schmidt*, putting him in default, previous to the institution of the first suit. But this pretended putting in default was evidently defective, as remarked by the District Judge, in this, that there was no tender by *Braunn* to *Schmidt* of the cash portion of the price; which, on the contrary, *Braunn* contended, in that first suit, was well paid to the notary. Notwithstanding the long time that intervened, the obligations arising out of the adjudication at auction, always existed until put an end to by a formal default.

The appellant complains of the allowance of interest from the day of sale. We think, under the circumstances, it should run from the date of putting in default, which, as we have seen, was the 2d February, 1852. And as the terms of sale were one-fourth cash, one fourth at six months, one-fourth at twelve months, and one-fourth at eighteen months, the notes bearing interest at six per cent. from date to maturity, and if not then paid, to bear eight per cent. interest, we would be carrying out the intentions, and satisfying the rights of the parties, by considering the maturity of the notes for the price to have been respectively the 5th of August, 1852, the 5th of February, 1853, and the 5th of August, 1853; being, six, twelve and eighteen months after the 2d of February, 1852, with the days of grace added.

It is therefore adjudged and decreed, that the judgment of the District Court be amended; that plaintiff recover of defendant, twelve hundred dollars, with interest, at the rate of five per cent. on three hundred dollars from the 2d February, 1852, until paid; at the rate of six per cent. on three hundred dollars from February 2d, 1852, until August 5th, 1852, and at the rate of eight per cent. after August 5th, 1852, until paid; at the rate of six per cent. on three hundred dollars from February 2d, 1852, until February 5th, 1853, and at the rate of eight per cent. after February 5th, 1853, until paid; at the rate of six per cent. on three hundred dollars from the 2d February, 1852, until the 5th of August, 1853, and at the rate of eight per cent. after the 5th of August, 1853, until paid. It is further decreed, that in other respects, the judgment of the District Court be affirmed; and that the plaintiff and appellee pay costs of appeal.