A. J. TRAWICK v. MARTIN BROWN COMPANY.

No. 2677.

1. **Order of Pleading.**—In an attachment suit the defendant reconvened for damages for illegally seizing the goods of defendant under the attachment. Prior to the reconvention the defendant had brought suit for damages for the seizure. The plaintiff pleaded the pendency of the independent suit for damages against the reconvention. On the trial the plaintiff urged exceptions to the plea in reconvention, which were ruled upon before the plea in abatement was heard. *Held,* that the action of the court upon the exceptions was not a waiver of the plea in abatement, and especially so when no exceptions were taken at the time.

2. **Former Suit.**—That a former suit was pending when a plea in reconvention was filed upon the same cause of action will not be ground for abatement to the plea when it is shown that before the hearing below the former suit had been dismissed.

3. **Case Adhered to.**—Payne v. Benham, 16 Texas, 367, adhered to.

4. **Practice—Right to Amend.**—Where exceptions to a pleading were improperly overruled below, on appeal the right to amend will not be cut off by affirming the case upon the ground that error upon the pleading could not be material by reason of its being defective.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham.

The opinion states the case.

*Ball & McCart*, for appellant. — 1. The court erred in permitting appellee, plaintiff below, to present and have heard its plea of *lis pendens*, or former suit pending, after having presented and had the court's ruling on its .demurrers, because same was out of the due order of pleading, and said appellee, plaintiff below, had waived said plea by presenting and insisting on its demurrers to defendant's said plea in reconvention.   Graham v. McCarty & Brown, 69 Texas, 323; Russell v. T. & P. Ry., 68 Texas, 646; Blum v. Strong, 71 Texas, 321; T. & P. Ry. v. McAllister, 12 Am. and Eng. Ry. Cases, 289; Railway v. Harris, 12 Wall., 65; Shepperd v. Graves, 14 How., 505, 512; Furgeson v. Rawlings, 23 Ill., 69; Cook v. Southwick, 9 Texas, 615.

2.   The court erred in sustaining appellee's (plaintiff below) plea of *lis pendens*, or former suit pending, because the said former suit had been dismissed by the plaintiff therein before the case at bar was called for trial, and hence was not pending at the time of the presentation of said plea.   Chamberlain v. Eckert, 2 Biss., 124; Avrill v. Patterson, 10 N. Y., 500; 3 How. Prac., 414; Page v. Mitchell, 34 N. W. Rep., 896; Phelps v. Railway, 35 N. W. Rep., 237; Leavitt v. Moore, 54 Md., 613; Schmidt v. Brown, 10 La. Ann., 26; Ball v. Railway, 32 N. W. Rep., 354.

*Stanley & Spoonts*, for appellee. — 1.   Where the plea of *lis pendens* is filed at the same time or prior to the plea containing demurrers and exceptions, the fact that the court first ruled on the exceptions will not of itself waive the plea in abatement.   It is only the filing of pleas to the merits in advance of pleas in abatement that will be considered an abandonment of the latter.   Appellant having agreed to the presentation to the court of the plea in abatement after the action of the court on the exceptions, can not on appeal be heard to insist that the action of the court in striking out his plea in reconvention was error.   He is estopped from raising the issue that the court did not rule "in due order" on the issues.

2.   Exceptions, demurrers, and pleas in abatement are dilatory pleadings and not answers to the merits, and the presentation of one dilatory plea will not be a waiver of others that are properly filed in due order of pleading.   The action of the lower court in passing on the exceptions to the plea of reconvention did not waive the plea of *lis pendens*.   Sayles' Plead., secs. 40–2, 73, 74, 78, 85, 94–112; Lessing v. Cunningham, 55 Texas, 231; Tierney v. Frazier, 57 Texas, 437; Harris v. Musgrove, 59 Texas, 401; Gaines v. Bank, 64 Texas, 18.

3.   There was no error in the court striking out the plea of reconvention, because the matters therein set up constituted no ground of defense or cause of action against appellee.   The levy of an attachment upon land in this State in December, 1886, unaccompanied by any act of trespass or ouster, and without any interference with the possession of the

owner, did not amount to a disseizin of the owner or a seizin of the cred-itor, and such levy can not be made the basis of a suit for damages, actual or exemplary. If the plea in reconvention shows no cause of action it was the duty of the trial court to dismiss the same. Drake on Att., sec. 179; Howeth v. Mills, 19 Texas, 296; Bryan v. Bridges, 6 Texas, 137; 3 Ct. App. C. C., sec. 65; Heath v. Lent, 1 Cal., 410; Wallis v. Finburg, 46 Texas, 47; 2 Ct. App. C. C., sec. 764; Field on Dam., 681, 682; G. C. & S. F. Ry. v. Levy, 59 Texas, 563; Flanagan v. Womack, 54 Texas, 50; Fenze v. Triff, 70 Ill., 500; Lee v. Wilkins, 65 Texas, 295; Bartlett v. Christhelf, 27 Am. Law Reg., 604; Anderson v. Sloane, 40 N. W. Rep., 214; Guerin v. Patterson, 55 Texas, 124.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee on December 8, 1886, to recover from appellant a sum due on open account, and a writ of attachment was sued out and levied on lands belonging to appellant.

On September 15, 1887, appellant filed an answer and a plea in reconvention seeking damages for an alleged wrongful use of the writ of attachment. The justice of appellee's claim was admitted.

Appellee pleaded in abatement of the action set up in appellant's re-convention that he had instituted an independent action in the same court on the same cause of action pleaded in reconvention, which was pending when the plea in reconvention was filed, and demurrers to the plea of appellant were subsequently filed.

These exceptions were heard before the plea in abatement, and one of them sustained, but the others overruled. After this was done the parties by agreement, as is shown by the bill of exceptions, submitted to the court the plea in abatement on the matters of law and fact involved in it, and upon an inspection of the record and the admissions of the parties the court found that the averments of the plea in abatement were true, and no question is made as to the sufficiency of the averments. It was, however, further admitted that though pending when the plea in recon-vention was filed the former action was dismissed before the hearing of the plea in abatement.

So standing the matter, the court below sustained the plea in abatement and refused to hear the matters set up in the plea in reconvention, and on hearing judgment was rendered in favor of appellee for sum claimed, with foreclosure of attachment lien.

It is now urged that the court erred in acting on the plea in abatement after action on exceptions to the plea in reconvention. These several pleadings were filed in due order and should have been so disposed of (Sayles' Civ. Stats., arts. 1262, 1268); but if the court in its discretion heard them out of their order, this would not deprive a party of the right

to have a pleading passed upon out of due order, unless it was one in its nature such as the plea acted upon would raise.

It appears, however, that the plea in abatement was heard by consent of parties after the exceptions were acted upon, and the only objection made was to the ruling on the plea. On this state of facts, were the rule otherwise than as stated, the agreement of parties and want of objection in the court below would preclude appellant from raising such a question for the first time in this court.

It is urged that the court erred in sustaining the plea in abatement for that the former suit had been dismissed before the plea was heard. There are elementary writers and adjudicated cases which hold that if the first action is pending when the second is instituted the latter, on proper plea and proof of that fact, will be abated, notwithstanding the former action may have been dismissed before the plea in abatement is filed or acted upon.

In the case of Payne v. Benham, 16 Texas, 367, this rule was not followed. In that case it was said: "We are aware that by the strict rules of practice in the courts of common law the facts so pleaded would have abated the suit last commenced. We, however, regard it as a question of costs, not at all involving the merits of the cause of action. If the two suits had been still pending at the time the plea in abatement was filed, we would have required the party to dismiss one and pay the costs before proceeding to trial on the other. * * * If the costs of the first suit had not been paid when it was dismissed, and that fact had been made known to the court, a rule could have been obtained requiring the cost to be paid or secured before the party would have been permitted to proceed with the suit."

This seems to us the better rule, and it seems to be in accordance with the weight of recent cases. Beals v. Cameron, 3 How. Pr., 414; Schmidt v. Brown, 10 La. Ann., 26; Marston v. Laurence, 1 Johns. Cases, 397.

No suggestion as to costs was made nor objection to the substance of the plea urged, and we are of the opinion that the court erred in sustaining it upon the facts declared to have been shown by the record and admitted by the parties.

Appellee insists that it was not true that the first action was dismissed before the plea was acted upon, and attaches to his brief a certificate of the clerk of the court to that effect. The bill of exceptions shows that the dismissal of the first suit, before the plea was acted upon, was a fact admitted by appellee on the hearing, and the fact thus shown can not be controverted in this court in the manner attempted.

It is suggested that the court below erred in overruling the exceptions to the plea in reconvention, and that for this reason the judgment should be sustained, even though the court below may have erred in its ruling on the plea in abatement. The ruling of the court on the exceptions is

not so presented as to entitle appellee to have it now revised; but if it be true that the exceptions should have been sustained, it would have been the right of appellant to amend, and he could not be cut off from that right by a decision of this court affirming the judgment against him on a point decided in his favor by the court below, not now presented for revision, and relating to matter which possibly may be made good by amendment if now subject to exception.

For the error of the court in sustaining the plea in abatement its judgment will be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered October 18, 1889.