### BRAMMER v. CAMPBELL, Judge.
### No. 10238.

Court of Civil Appeals of Texas. Galveston.
Oct. 8, 1934.

Rehearing Denied Nov. 22, 1934.

W. P. Hamblen, of Houston, for relator.

GRAVES, Justice.

This is an application to this court by relator to compel respondent, as judge of the Eightieth district court, to proceed with the trial of a cause pending before him wherein relator sued W. L. Pearson and Sam R. Merrill, as individuals seeking to recover $90,000 as the agreed purchase price by them from her of 900 shares of stock in the Saxet Company, a private corporation of the state of Delaware, and into which Pearson and Merrill had vouched the Republic Gas Corporation—the same concern as the Saxet Company under a new name—upon a cross-action, alleging that in contracting to buy the stock from Mrs. Brammer they had acted as agents for the gas corporation, which had been their undisclosed principal in the transaction, and praying that, if any recovery was had against them, they have a like one over against such corporation.

After certain pleas and pleadings between the parties, which it is deemed unnecessary to here recite in detail, the gas corporation appeared and answered, denying that it had been the undisclosed principal of Pearson and Merrill in the stock transaction averring that it had been theretofore adjudged a bankrupt by the United States District Court of Delaware, that the bankruptcy cause had been subsequently transferred to and was then pending undisposed of in a like court in the state of New York, which former court had enjoined the further prosecution of any suits or actions anywhere against the gas corporation until it had acted finally upon the bankruptcy proceedings; thereupon the relator presented pleadings before the respondent in her suit so originally instituted against Pearson and Merrill, electing to proceed therein against them alone as individuals as so sued, declaring that she neither sued nor desired any action against the gas corporation, and asking its dismissal from her suit upon charges that otherwise she would be greatly hindered and delayed, if not deprived entirely of her rights therein, and asking immediate trial accordingly.

After opposition to this procedure by Pearson and Merrill under claims that they were entitled to have the gas corporation re-

main in the cause, the trial judge entered an order, from which this application here proceeds, in material substance, as follows:

"It is found and considered by the Court, as follows:

"(1) That the defendant Republic Gas Corporation is entitled to have this proceeding stayed as to it pending the rendition of final judgment in the pending proceedings in the United States District Court for the Southern District of New York, in which re-organization proceedings of said defendant corporation under section 77B of the Bankruptcy Act as amended (11 USCA § 207) are now pending, and in which an order has been entered by the United States District Court for the District of Delaware, in which said bankruptcy proceedings were originally instituted, enjoining and restraining the prosecution against said corporation of the commencement and continuance of all suits against Republic Gas Corporation, other than certain proceeding then pending in the United States District Court for the Southern District of New York, and staying all such suits against said corporation until the final decree in said re-organization proceeding; but is not entitled to have this cause either dismissed as to it or transferred to the United States District Court for the Southern District of New York to be determined in said bankruptcy or re-organization proceeding;

"(2) That the defendant Republic Gas Corporation is a proper party to this suit, but is not a necessary or indispensable party;

"(3) That plaintiff has not waived or lost her right to object to Republic Gas Corporation being made or continued as a party defendant in this cause, as alleged by the original defendants; and,

"(4) That it would be inequitable and unjust to the original defendants, W. L. Pearson and Sam R. Merrill, to grant the motion and plea in abatement of plaintiff, asking that the defendant Republic Gas Corporation be dismissed as a party defendant.

"It is, therefore, ordered, adjudged and decreed by the Court, as follows:

"(a) That the motion and plea of misjoinder of causes of action and for dismissal from this cause of the defendant Republic Gas Corporation, as filed herein by the plaintiff on the 10th day of September, 1934, be and the same is hereby in all things overruled and denied; and,

"(b) That this cause remain on the docket of this Court and that all proceedings therein be stayed and no further action be had therein until final judgment shall have been rendered in said re-organization proceedings in bankruptcy now pending in the District Court of the United States for the Southern District of New York, on transfer from the United States District Court for the District of Delaware, being No. 1015 on the docket of said last named Court, or until the entry by the Court having jurisdiction of said re-organization proceedings of an order modifying, suspending or revoking said order staying proceedings against said defendant, as made and entered in said cause by the United States District Court for the District of Delaware on the 15th day of June, 1934, or until otherwise ordered by this Court."

Relator urges that the quoted order is such an abuse of discretion by the trial court as entitles her to a mandamus, in that it amounts to an arbitrary refusal to try her cause in making its trial dependent upon wholly disconnected proceedings with which her suit had no proper concern, and in indefinitely postponing her independent action against Pearson and Merrill because thereof.

After careful consideration, the writ has been refused by this court, upon the conclusion that the trial court's order may not properly be classed as a refusal to try the cause at all, or as an indefinite postponement thereof, but rather as the exercise of the proper discretion, in that it cannot be assumed that the able trial judge will wait an unreasonable or indeterminate length of time upon the conclusion of the bankruptcy proceedings in the New York court, the contingencies being all in the disjunctive, the last one of which must mean that, if the others did not happen within a reasonable and fair time to all parties, he would otherwise within such time again take up and dispose of this cause; so interpreted, it falls within the familiar rule applied in such cases as Matagorda Canal Co. v. Styles (Tex. Civ. App.) 207 S. W. 562.

Furthermore, since there is nothing in this record even tending to indicate that the trial judge will not try the cause within a reasonable time—the presumption, on the contrary, being that he will—and since both parties concede that the gas corporation is at least a proper party to the suit, it seems, under the express terms of R. S. art. 1992, that the bringing in and retention of the corporation as a party was a proper exercise of the discretion conferred upon the trial court.

Mandamus refused.