## HOUSTON et al. v. RANDOLPH.
### No. 4517.

Court of Civil Appeals of Texas. Amarillo.
Dec. 9, 1935.

John A. Coffee, of Hereford, and Royce A. Oxford, of Plainview, for appellants.

Meade F. Griffin, of Plainview, for appellee.

HALL, Chief Justice.

J. W. Houston and W. R. F. Houston filed this suit in the district court of Castro county January 3, 1935, against L. H. Randolph, in the form of trespass to try title, seeking to recover the west one-half of section 15, block 1, W. E. Halsell subdivision of said county.

On April 15, 1935, Randolph filed a plea in abatement, alleging that he had filed with the conciliation commissioner of Castro county his petition under the Frazier-Lemke Act (Bankr.Act § 75 (s), 11 U.S. C.A. § 203 (s), and that said proceedings were pending on the date of the filing of the plea in abatement. He further alleged that his petition was filed with the conciliation commissioner of said county on September 22, 1934, duly referred to the United States District Judge, and by said judge

approved and filed on October 6, 1934; that his proceeding was in compliance with section 75 of the Bankruptcy Act of the United States (11 U.S.C.A. § 203), and was pending at all times from the dates aforesaid until its dismissal on April 23, 1935; that the appellants' suit was filed while the appellee's cause was pending in the United States District Court, and without first obtaining permission and authority from the judge of said court, or without a hearing before the conciliation commissioner; that the land involved had been duly listed by appellee as a part of his assets in the conciliation proceedings. As a part of their action, the appellants sued out a writ of sequestration in virtue of which the sheriff of said county seized and took possession of the land involved herein; that citation was duly issued in said suit and served on appellee long prior to the time the order of dismissal was entered by the federal district judge on April 23, 1935.

On April 29, 1935 the appellants, by supplemental petition, answered the plea in abatement by general demurrer, general denial, and specially alleged that the proceedings in the federal court were dismissed on the 23d day of April, 1935, by the United States District Judge for want of prosecution on the part of the debtor, L. H. Randolph. A certified copy of the judgment of dismissal was attached to the supplemental petition.

April 29, 1935, the plea in abatement came on to be heard in the district court of Castro county, and the court sustained the plea.

The appellants failed to file their statement of facts within the time required by law, and the record contains no findings of fact separately filed.

The judgment of the trial court recites that: "The Court having heard evidence finds that at the time of the filing of the suit herein by the plaintiffs, J. W. Houston and W. R. F. Houston, there had already been filed by said L. H. Randolph a farmer's petition with the Conciliation Commissioner of Castro County, Texas, seeking the benefits of the Bankruptcy Act of the United States of America, as amended, and particularly Section 75 thereof; that said petition and proceedings were pending in the United States District Court for the Northern District of Texas, and before the Conciliation Commissioner of Castro County, Texas, at the time the suit was filed herein, and that the plaintiffs did not procure any permission from the United States District Court of the Northern District of Texas, nor ask for any hearing before any Judge of the United States District Court nor before any Conciliation Commissioner, before they filed said suits."

The court then concludes that the federal district court had exclusive jurisdiction of the matter in controversy, and that the district court of Castro county had no jurisdiction, but the judgment further recites, "It appearing, however, said cause in the Federal Court had heretofore on April 23, 1935, been dismissed for want of prosecution," it was then decreed that the plea in abatement filed by Randolph should be sustained, and this cause dismissed from the docket of the district court.

The decree of the federal district court attached to plaintiffs' supplemental petition is signed by the federal district judge, and recites in substance that whereas, on the 22d day of September, 1934, L. H. Randolph had filed his petition and schedules in said court, alleging that he was a farmer and unable to pay his debts, and asking for a composition and extension thereof, and that it appearing that his said petition was presented to the United States District Judge on October 6, 1934, and an order entered referring the petition to the conciliation commissioner of Castro county, and it further appearing that no composition or extension of his creditors had been agreed upon, and no further action had been taken in said cause, that the cause has not been duly prosecuted. It was, therefore, ordered that the cause be and the same was dismissed for want of prosecution on the part of the debtor.

 It is unnecessary to consider in detail the several propositions urged by the appellants. In our opinion the learned trial judge erred in his ruling upon the plea in abatement.

It was held by Stayton, C. J., in Trawick v. Martin Brown Co., 74 Tex. 522, 12 S. W. 216, that a plea in abatement, based upon the pendency of a prior suit, should not be sustained where it appears that the prior suit was dismissed before the hearing of such plea. This is a clear pronouncement of the doctrine as it obtains in Texas.

In Wilson v. Associated Indemnity Corporation (C.C.A.) 74 F.(2d) 896, 900, the same question was considered by Foster, Circuit Judge. The case arose under the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.).

He reviews the Texas authorities to some extent, saying: "The plea would have been good in the state court had the first suit remained pending. Ocean Accident & Guaranty Corporation v. May et al. (Tex.Com.App.) 15 S.W.(2d) 594. However, it seems to be settled that if the first suit, pending when the second suit is filed, is dismissed before the plea in abatement is filed or acted upon, the plea will not lie. It was so held in Payne v. Benham, 16 Tex. 364; Trawick v. Martin Brown Co., 74 Tex. 522, 12 S.W. 216; McNeill v. Masterson, 79 Tex. 670, 15 S.W. 673; Texas & Pac. Ry. Co. v. Kenna (Tex.Civ.App.) 52 S.W. 555." He also cites the Trawick Case, supra. City of Dallas v. McElroy (Tex.Civ.App.) 254 S.W. 599; International & G. N. Ry. Co. v. Barton, 24 Tex.Civ.App. 122, 57 S.W. 292 (writ denied), are in point.

After the dismissal of the federal court proceeding, the issue urged in the trial court, that permission had not been obtained from the federal judge to institute this proceeding, became moot.

We think the court also erred because the Frazier-Lemke Act has been frequently declared unconstitutional, the leading case upon that question being Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

For the reasons stated, the judgment is reversed and the cause remanded.