**WASSON v. COLLINGS, Judge, et al.**

No. 2135.

Court of Civil Appeals of Texas. Eastland.

Nov. 22, 1940.

Rehearing Denied Dec. 20, 1940.

Thomas & Thomas, of Big Spring, for relator.

O. M. Street, of Dallas, and Cecil C. Collings, Dist. Judge, of Big Spring, for respondents.

LESLIE, Chief Justice.

This is an original proceeding in this court by relator, Wasson, against Cecil C. Collings, Judge of the 70th Judicial District of Texas, to require him to do one or the other of the following acts:

"(b) That on hearing hereof a writ of mandamus issue to the Respondent (Judge) requiring him to enter a final judgment in said cause No. 3708 of the District Court of Howard County as of date September 28, 1940.

"(c) That in the alternative on hearing hereof, if for any reason the writ cannot direct that the final judgment be entered as of September 28, 1940, then that the Respondent be required to enter final judgment on the presentation of the motion nunc pro tunc therefor at the next succeeding term of the said district court (November term 1940).

"(d) Or in the third alternative, that in case for any reason the writ should not direct the entry of a judgment as of September 28, 1940, or on a motion nunc pro tunc, then that the writ direct the court to retry the cause and enter a final judgment of some kind and do so without further delay at this next term."

This proceeding is predicated upon the proposition that after a trial of cause No. 3708 in the District Court of Howard County September 28, 1940, Judge Collings refused to enter a judgment and refuses to set the cause down for trial and render a judgment therein. That in so doing he abuses his discretion as a trial judge and denies the relator, plaintiff therein, a decision in said cause.

In cause No. 3708, the plaintiff A. L. Wasson alleged he was the owner of sections 20, 21, 22 and 23, H. & T. C. Ry. Company Survey, Howard County, Texas, and that the defendants J. S. Garlington and wife were in possession of said lands

without right or title and refused to surrender same to him. The prayer in that petition is as follows: "Plaintiff prays for a decree declaring his right to possession of the said property together with all the fixtures, houses * * and that he be given his order of possession * * * against defendants * * *; and further that the regularity of the foreclosure under the deed of trust be held in all things valid * * * and that the plaintiff be held to be the owner of the land · * * in fee simple * * *."

By cause No. 3708 in the District Court of Howard County, it appears that the plaintiff Wasson sought to have his title, acquired at the trustee's sale, adjudicated free from any defects incident to the sale. That is the nature of the cause which Relator alleges the District Judge refuses to decide or set down for a trial and final decision.

Other facts out of which this proceeding arises are in substance, as follows:

October 25, 1939, J. S. Garlington and wife, Jennie Lou Garlington, filed in the Federal District Court at Abilene, Texas, a petition in bankruptcy seeking to avail themselves of the Frazier-Lemke Act (Bankr.Act), sec. 75, sub. s, etc., 11 U.S. C.A. § 203, sub. s. The petition was in due form, accompanied by schedules listing property, debts, etc. So far as this record shows the proceeding is still pending in that court, but its present status is not definitely indicated. In other words, the cause may possibly be on appeal.

Schedule B lists various properties, among them, said sections 20, 21, 22 and 23. On September 3, 1927, the Garlingtons executed a deed of trust thereon to secure Relator, A. L. Wasson, for a loan of $5,-000. C. L. Wasson was made trustee. On maturity of the debt and default in its payment, he refused to act and under the terms of the trust deed, Ira E. Wasson was made substitute trustee. On December 6, 1939, he advertised the property for sale and January 2, 1940, sold same at public sale to A. L. Wasson, mortgagee. The next day, January 3, A. L. Wasson instituted cause 3708 in the District Court of Howard County. Prior to these dates the Garlingtons had, on October 25, 1939, filed their petition in bankruptcy.

The April, 1940, term of the District Court of Howard County was the first term after service of process was perfected in cause 3708. At that term the cause was passed by agreement of the parties. At the following September term of that District Court, the cause was set for trial September 23, 1940. At the time set, the Garlingtons stated in open court before any announcement of ready for trial that a continuance of the cause would probably be applied for, stating to the court then that the ground for such motion would be that they had learned for the first time on Saturday morning, September 21, at about 11 o'clock a.m., that the Clerk of the United States District Court at Abilene would not release to them the original papers on file in cause No. 1864, styled In re J. S. Garlington et ux., Debtors, Composition or Extension. That it was then too late to obtain certified copies of said orders, etc., and that it was impossible to contact the Federal District Judge, the Hon. T. W. Davidson to secure permission in writing for the removal of such papers. The Hon. C. C. Collings, District Judge, then announced from the bench that such motion could, if necessary, be reduced to writing during the trial of said cause. This appears to have been the Respondents' first motion or request for a continuance. The record shows none charged to defendants prior to September 23.

The above is in substance the understanding upon which the court, on September 23, proceeded with the trial of cause 3708. The defendants' plea in abatement on the ground of lack of jurisdiction of the District Court of Howard County due to the alleged pendency of said cause under the Frazier-Lemke Act in the Federal Court at Abilene, appears to have been carried along for consideration with the trial of the case on its merits. The trial proceeded and the parties closed, but a short time thereafter the trial court reopened the case, on September 28, and permitted the defendants to introduce additional testimony, namely, the amended petition in bankruptcy, etc. Finally, and at the conclusion of the hearing, the trial court granted the defendants' continuance, as disclosed by an order to that effect which is incorporated in this petition for mandamus filed here October 18, 1940.

Without going into details or discussing at length the nature of the testimony sought to be introduced, the statement of facts does show that the evidence introduced on the trial of cause No. 3708 embraces, among other matters, the "Amended Debtors' Petition in Proceedings

under Sec. 75, sub. s of the Bankruptcy Act, Northern District of Texas", sworn to by the Garlingtons October 6, 1939, and filed in the Bankruptcy Court October 25, 1939. The statement of facts discloses other admissible testimony in corroboration of the fact that the bankruptcy court by such proceeding then acquired "exclusive jurisdiction" of the "farmer (Garlington) and all his property" both real and personal, and wherever situated. 11 U.S.C.A. p. 974, § 203 et seq.

Subdivision n of the section, in part, reads: "The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property * * *."

Subdivision o of said section is even more specific and emphatic in declaring exclusive jurisdiction under the circumstances of the Federal Court over the property and person of the farm debtor. Further, there is nothing in the record to show that the Federal Court has in any way relinquished its jurisdiction of such matters or granted any petition authorizing said proceeding (3708) against the Garlingtons or their property.

Such being the record, we do not believe that the district judge in any way abused his discretion in refusing to proceed further with the trial and render a judgment which, whatever its nature, would have been void under the Federal statutes referred to. John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. See Frazier-Lemke Act in general and the numerous citations thereunder in the Code.

We cannot presume that the trial court will refuse to try the case in the District Court of Howard County as soon as the jurisdiction of the Federal Court has been relinquished over the property involved. So soon as that proceeding in the bankruptcy court ceases to be an obstacle to the trial, the judge will undoubtedly hear without delay and determine the cause of action on its merits.

Further, under the circumstances stated, this court would not be warranted in holding that the trial court in granting the continuance acted so unreasonable as to be a clear abuse of discretion, amounting to a refusal to proceed with the trial pursuant to law. Matagorda Canal Co. v. Styles, Tex.Civ.App., 207 S.W. 562; Brammer v. Campbell, Judge, Tex.Civ.App., 76 S.W.2d 791, 792.

For the reasons assigned, the relief prayed for is refused.