## WHEAT v. TEXAS LAND & MORTGAGE CO., Limited, et al.

### No. 2273.

Court of Civil Appeals of Texas. Eastland.

June 12, 1942.

Rehearing Denied July 10, 1942.

O. M. Street, of Dallas, Dell Barber, of Colorado City, and Tracy T. Smith, of Big Spring, for appellant.

E. L. Klett, of Lubbock, and Morrison & Morrison, of Big Spring, for appellees.

LESLIE, Chief Justice.

Appellant J. B. Wheat, plaintiff below, filed this suit (No. 4076) in the District Court of Howard County, December 2, 1940, against appellees, Texas Land and Mortgage Company, Ltd., and E. T. O'-Daniel, defendants below, to recover title and possession of 5,440 acres of land in Howard County, and to set aside a judgment entered in said state court in cause 3231 on February 3, 1938, wherein said company recovered title and possession of said property in a trespass to try title suit filed in that court September 13, 1937, against said J. B. Wheat and wife.

The plaintiff Wheat claimed that the judgment entered in cause 3231 was void for the reason that at said time proceedings in bankruptcy filed (August 20, 1937) by him as debtor, under the Frazier-Lemke Act, 11 U.S.C.A. § 203, were pending in the United States District Court, Abilene Division, and that a trustee's sale of the property January 5, 1938, followed by judgment taken February 3, 1938 in cause 3231, was void because jurisdiction of the federal court was exclusive and had been since August 20, 1937.

The defendants, Texas Land & Mortgage Company, Ltd. (hereinafter spoken of as the Mortgage Company) and E. T. O'-Daniel, answered in the instant cause (4076) as follows:

(1) By general denial.

(2) That before said trustee's sale was had (January 5, 1938) or said judgment was taken (February 3, 1938) by said company against J. B. Wheat et al. in cause 3231, said Wheat's petition for injunction applied for October 4, 1937, had been refused by judgment of the federal court on December 14, 1937, as per copy of order attached to the answer.

(3) That in said order the federal court authorized a trustee's sale under the terms of the deed of trust, and that such sale was thereafter held on January 5, 1938; that on February 3, 1938, the Mortgage Company recovered judgment against said J. B. Wheat et al., in cause 3231 in the State District Court of Howard County for recovery of title and possession of said land.

(4) That in cause 3231 the pendency of the Frazier-Lemke proceeding in the federal court was pleaded by said Wheat in bar and abatement of the same, but said pleas were overruled.

(5) The judgments entered, respectively, in the federal and state courts were entered by courts of competent jurisdiction, were never appealed from, and each became final. That such judgments were pleaded as res adjudicata in the instant cause (4076).

The defendant, E. T. O'Daniel, pleaded that he was an innocent purchaser of the land in controversy for a valuable consideration and without notice of any adverse claims. That after entry of the judgment aforesaid in behalf of the Mortgage Company against the said J. B. Wheat (in 3231) the said J. B. Wheat, by representation, induced the said O'Daniel to purchase said land for a cash consideration of $50,000 paid to the Mortgage Company; that said Wheat represented to one A. W. Thompson, agent of and undertaking to make sale of said land for said Mortgage Company, that he would assist the said Thompson in selling said land to E. T. O'Daniel for one-half of the commission. That said Wheat by understanding to that effect performed said service, inducing the said O'-Daniel to buy the land on the aforesaid representations. That he did give said O'-Daniel possession of the land and for all services rendered Wheat received a commission of $1,175 paid by the Mortgage Company whereby the said J. B. Wheat became estopped to complain of the validity of said sale to said E. T. O'Daniel, now owner of the land by purchase from the Mortgage Company at the time of the trial of the case below.

In a supplemental petition filed by Wheat in the instant cause, he renewed his plea that the action of the District Court of Howard County in rendering judgment (February 3, 1938) was void for want of jurisdiction in that court to render the same.

The trial below was before the court without a jury and judgment was rendered that the plaintiff recover nothing by said cause (4076), and that the title and possession of said E. T. O'Daniel, assignee of the Mortgage Company, be quieted, etc.

When the appellant Wheat filed his petition in bankruptcy in the United States District Court, he did not seek in that court any injunctive relief against the Mortgage Company, but on October 4, 1937, said Wheat filed in the United States District Court, Abilene Division, a petition for injunction seeking to restrain the sale of said lands under deed of trust and to pro-hibit any further proceedings in the State District Court of Howard County. The issues thus raised were presented to the United States District Court (at Abilene) and an opinion was rendered therein November 23, 1937.[1] By that petition, in connection with the bankruptcy proceeding, Wheat sought (1) to have that court "decree null and void" the trustee's sale made September 7, 1937, to the Mortgage Company (first sale); (2) to "enjoin and restrain said company from interfering with the jurisdiction of the bankruptcy court or the United States District Court;" and (3) from further prosecuting said trespass to try title suit (3231) pending in the District Court of Howard County.

After rendering the opinion of November 23, 1937, the Federal District Judge postponed any decision on the issues presented until December 13, 1937 of the Lubbock term of said court. This postponement was designed (and so recited) to give the bankrupt another opportunity to refinance his loan and demonstrate that he had a tangible equity in the land. On December 13 the Federal District Judge took the injunction matter up for further consideration and after reciting the appearance of all parties and a full hearing found: "The law and the facts * * * are with said company and against said Joseph Benton Wheat and that said * * * Wheat is not entitled to the relief prayed for and there is no equity in said land, or any equitable and feasible method of liquidation or financial rehabilitation for * * * Wheat and no relief under the aforesaid bankruptcy proceeding, and that the Texas Land & Mortgage Company, Ltd. is entitled to hereafter sell said land at trustee's sale in accordance with the powers contained in said deed of trust without prejudice to rights heretofore acquired by said company under the said trustee's sale heretofore made (September 7, 1937).

"It is ordered, adjudged and decreed by the court that the said Joseph Benton Wheat recover nothing and all the aforesaid relief prayed for by debtor be and the same is hereby denied, and injunction and restraining order refused and that the Texas Land & Mortgage Company, Ltd. be permitted hereafter to sell said land at trustee's sale under said deed of trust in accordance with its powers. The court finds that the petition of said Joseph Benton Wheat for injunction and other relief should be denied

---

[1] No opinion for publication.

on grounds above stated. The question of the validity of said trustee's sale heretofore made is not passed on." (The sale "heretofore made" was the one under date September 7, 1937.)

The scope of the court's order of December 14, 1937 denying injunctive relief, decreeing that said Wheat "recover nothing" and directing or permitting sale of the land under the deed of trust can best be understood by an examination of his petition for injunction and the Mortgage Company's response thereto, etc. Based on the above order of December 14, and in pursuance thereof, the Mortgage Company re-advertised the land for sale. The sale took place January 5, 1938, and the Mortgage Company became the purchaser.

Thereafter on January 7, 1938, the Mortgage Company filed its first amended original petition in cause 3231 (filed September 13, 1937) in the District Court of Howard County. As noted, that was a suit in trespass to try title against the Wheats and the trial thereof (February 3, 1938) resulted in a judgment for the Mortgage Company. This was doubtless due to the fact, along with others, that the Mortgage Company then held the deed to the land which it acquired at the second trustee's sale, made after injunctive relief was refused and such sale authorized December 14, 1937 by the Federal District Court.

In the light of the above record, the appellant's first proposition insists that the judgment in cause 3231 of date February 3, 1938 is void because "at the time said suit was filed, and at the time said judgment was rendered, there was still pending Cause No. 1805 in Bankruptcy in the United States District Court, Northern District of Texas, Abilene Division, and *said State Court was without jurisdiction* to entertain said suit or render said judgment, no permission having been obtained from the Federal Court in the manner provided by Sec. 75, Subsec. (*o*) of what is commonly known as the Frazier-Lemke Act [11 U.S.C.A. § 203, sub. *o*]." (Italics ours.)

In somewhat different language, this contention is presented by the appellant in his brief in this language: "No authority was granted by the Federal District Court giving the State court permission to enter such judgment and the first trustee deed was obtained in direct disregard of the Conciliation Commissioner's instruction, and the second trustee deed was executed *after the Federal District Court had erroneously*

*granted permission for said sale to be made,* but nowhere is there any authority given by the Federal Court for any suit to be maintained in any court by the debtor or against the debtor, or that a judgment may be rendered against the debtor." (Italics ours.)

The appellant predicates said contention upon the particular circumstance that since his petition in bankruptcy was *filed August 20, 1937, and still pending,* all proceedings thereafter under the deed of trust or in the State court were void, and those in the federal court were either void or voidable. The judgment of the United States District Court at Lubbock December 14, 1937, denying Wheat any injunctive relief and decreeing that he recover nothing in that proceeding was never appealed from. That judgment became final and the appellant in this (4076), a separate suit in the State District Court, now insists that by such judgment the federal court "had erroneously granted permission for said sale to be made" (January 5, 1938). The appellant insists that the vice in the second trustee's deed arises because the same "was executed after the Federal District Court had *erroneously* granted permission for said sale to be made." We do not doubt the jurisdiction of the federal court to grant permission for said sale and if that decree were erroneous, which it is unnecessary now to determine, the appellant was obliged to get relief from the same by appealing to the proper tribunal, which he did not do. A trustee's deed based on that permission is, in our judgment, sufficient basis for and establishes appellees' claim to title and possession of the property and the order granting permission for the sale was also sufficiently comprehensive (in light of Wheat's allegations in petition for injunction, etc.) to warrant the further proceedings in the suit (3231) in the District Court of Howard County.

As stated, the judgment in 3231 was based in a large measure, if not altogether, on the deed of trust acquired at the second trustee's sale made by permission of the federal court. It is unnecessary to pass on the validity of the first deed by the trustee, but if it had any validity the appellees here had the benefit of same.

The mere pendency of said cause 1805 in the bankruptcy court did not alone render void either the subsequent orders of the federal court granting permission to sell the land under the deed of trust, or the further prosecution of cause 3231 in the

District Court of Howard County. Even though the federal court had exclusive jurisdiction of the debtor's proceeding under the Frazier-Lemke Act to grant the debtor an extension of time for payment of his debts, such federal court also had jurisdiction to order the sale of the land at trustee's sale, etc. After proper amendment of the original petition in 3231, said *Wheat* fully pleaded the original filing and pendency of the bankruptcy proceeding both in bar and abatement of that cause of action. Such pleas were overruled and no appeal prosecuted therefrom, and such matters have been presented here as res adjudicata of the issues raised by this litigation.

In the light of this record we conclude that proposition No. 1 should be overruled. Such conclusion is, in our opinion, required by many authorities and especially the opinion of the United States Supreme Court in Union Joint Stock Land Bank v. Carl Byerly, 310 U.S. 1, 60 S.Ct. 773, 776, 84 L. Ed. 1041, wherein it was held: "In view of the provisions of subsection (*o*), it was error for the District Court, in the absence of the preliminary steps required by that subsection, to permit the sheriff to hold the sale. But the court had jurisdiction in the premises. Error committed by it in the exercise of that jurisdiction could have been corrected by appeal from its order. The state court and its officer, the sheriff, were entitled, in view of the [Federal] District Court's plenary jurisdiction over the debtor and his property, to rely upon the order granting permission to make the sale. The [Federal] District Court did not lose jurisdiction by erroneously construing or applying provisions of the statute under which it administered the bankrupt estate. Its order was voidable, but not void, and was not to be disregarded or attacked collaterally in the State court."

██ As pointed out, if it be conceded that the United States District Court at Lubbock did commit some error of law in refusing injunctive relief in granting permission to sell the land, the erroneous action should have been promptly challenged and the correctness of the decision tested by appeal in the time and manner provided by law, instead of waiting until the time for appeal therein had expired and raising the question some two years later in a collateral proceeding in the State court. Upon that phase of the case, the opinion in the Byerly case further held: "The action of the [United States] District Court in permitting the holding of the sale was not void but voidable. * * * Error committed by it in the exercise of that jurisdiction could have been corrected by appeal from its order. * * * and was not to be disregarded or attacked collaterally in the State court."

The above authority answers precisely the appellant's contention that the Federal District Court at Lubbock entered an erroneous decree. This authority definitely holds that the Federal District Court had competent jurisdiction in such matters and that its judgment was not void but at most voidable, subject to be reversed on appeal, which was not prosecuted to a higher court.

Applicable in substantial measure to the contention here presented is the very recent case of Nettles v. Doss, Tex.Civ. App., 161 S.W.2d 138. It is there held, in substance, that the mere showing of the pendency of bankrupt proceedings at the time of trustee's sale and judgment in State District Court without a further showing by appellant that such act or proceeding was done without the consent of the bankruptcy court, would not discharge the burden on appellant to demonstrate lack of jurisdiction in the state court or lack of validity in said trustee's deed. In the instant case, the consent order of December 14, 1938, shows to the contrary.

For other authorities sustaining the foregoing conclusions and employing the same rules of law, see McFarland v. West Coast Life Ins. Co., 9 Cir., 112 F.2d 567; Wright v. Logan, 7 Cir., 119 F.2d 354; Preas v. Kirkpatrick & Burks, 6 Cir., 115 F.2d 802; Massey v. Farmers & Merchants Nat. Bank & Trust Co., 4 Cir., 94 F.2d 526; Wilson v. Associated Ind. Corp., 5 Cir., 74 F.2d 896; Houston v. Randolph, Tex.Civ.App., 88 S. W.2d 1051; Perkins Dry Goods Co. v. Dennis, Tex.Civ.App., 54 S.W.2d 1078; Wasson v. Collings, Tex.Civ.App., 145 S.W.2d 915; Purdy v. Grove, Tex.Civ.App., 35 S. W.2d 1078.

The appellant cites in support of his first proposition John Hancock Mutual Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Wasson v. Collings, Tex.Civ.App., 145 S.W.2d 915. It is believed the effect of these opinions is to sustain appellees' contention.

In Kalb v. Feuerstein, supra [308 U.S. 433, 60 S.Ct. 346, 84 L.Ed. 370], there had not been obtained in that cause, as in the

present one, any consent of the federal court to make sale of the property under the terms of the deed of trust. In that case, the Supreme Court said in part: "We think the language and broad policy of the Frazier-Lemke Act conclusively demonstrate that Congress intended to, and did deprive the Wisconsin County Court of the power and jurisdiction to continue or maintain in any manner the foreclosure proceedings against appellants *without the consent after hearing* of the bankruptcy court in which the farmer's petition was then pending." (Italics ours.)

In the instant case, the mortgagee obtained consent of the bankruptcy court to make the sale.

In John Hancock Mut. Life Ins. Co. v. Bartels, supra, it was contended that the federal court erred in dismissing the farmer's petition but that question or ruling of the court was promptly tested by timely appeal to the Circuit Court of Appeals. In the instant case, the farmer did not object or appeal from the order of the federal court permitting or directing the foreclosure sale under the deed of trust. The question of whether the federal court had power to order public sale was not involved in the Bartels case [308 U.S. 180, 60 S.Ct. 224, 84 L.Ed. 176], and the existence of such authority was not considered jurisdictional. The Supreme Court held in that case: "There is the further proviso, for the protection of secured creditors, that upon request in writing by any secured creditor the court shall order the property upon which the secured creditor has a lien to be sold at public auction." It will be noted that the federal court postponed action on the request for injunction in order to give the bankrupt an opportunity to pay the debt or demonstrate he held an equity therein warranting further postponement in the bankruptcy proceeding.

As to the case of Wasson v. Collings, supra [145 S.W.2d 917], it was there held: "there is nothing in the record to show that the Federal Court has in any way relinquished its jurisdiction of such matters or granted any petition authorizing said proceeding (3708) against the Garlingtons or their property."

■ We are further of the opinion that the judgment of the trial court should be affirmed upon the appellees' second counter proposition whereby they insist that "The action of the appellant J. B. Wheat in inducing appellee E. T. O'Daniel to purchase the land by representing that he would deliver him possession, and causing said E. T. O'Daniel to pay $50,000 cash for said land on the faith of said representation, estops the said J. B. Wheat from taking advantage of his own act to the prejudice of an innocent purchaser under the circumstances related."

The evidence is conclusive that said O'Daniel purchased the land from the Mortgage Company, paying $50,000 therefor upon the representations by the debtor Wheat, working in cooperation with the agent of the Mortgage Company, who was endeavoring to sell the property for a commission. By the contract Wheat was to receive one half the commission if said sale were made and on the consummation of the deal, through his efforts in conjunction with those of the Mortgage Company's agent Thompson, he did receive $1,175 in cash for the sale of the land to O'Daniel. This was one half of the commission, less minor expenses. Under such circumstances, we are of the opinion that said Wheat is estopped to further assert claims reflected by this record. He was instrumental in making the sale and in inducing said O'Daniel to purchase the land for the consideration stated. This in itself furnishes sufficient and independent basis for the affirmance of the judgment of the trial court and it does so regardless of whether the federal court had exclusive jurisdiction of the debtor's Frazier-Lemke proceeding or not.

■ The provisions of that act were intended for the personal benefit of the debtor. Its purpose was to give a debtor more time to pay his debts, or salvage his property, but the debtor has the power and privilege to waive such provisions for his benefit and sell or cause to be sold the property involved, as did the debtor in this case.

For the reasons assigned, the judgment of the trial court is affirmed.