**WHEAT v. TEXAS LAND & MORTGAGE CO., Limited, et al.**

**No. 11297.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1945.

Writ of Certiorari Denied May 6, 1946.

See 66 S.Ct. 1012.

John W. Hudson, of Kansas City, Mo., and Elmer McClain, of Lima, Ohio, for appellant.

E. L. Klett, of Lubbock, Tex., and M. H. Morrison, of Big Spring, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, maker of a deed of trust and mortgage which had been foreclosed by sale under powers in the deed of trust, brought this proceeding to obtain relief from the foreclosure and from two state court judgments against him for title and possession of the mortgaged property. It was begun by motion to reopen and rein-

state Cause No. 1805 in Bankruptcy, Joseph Benton Wheat, Debtor, and to obtain Section 75, sub. s[1] relief therein. This was filed on September 20, 1943, more than six years after the bankruptcy court had in the debtor proceeding entered its order authorizing the mortgagee to proceed with its foreclosure and more than five years after the debtor proceeding had been dismissed. It was met with a denial of petitioner's claim that he had, as he alleged, filed in 1937 a Section 75, sub. s, proceeding, and also with pleas by way of estoppel and bar. These were: (1) The December 13, 1937 order of the bankruptcy court denying debtor's petition for an injunction and authorizing Texas Land & Mortgage Company to proceed with its foreclosure; (2) the trustee's sale of January 4, 1938; (3) the final judgment dated February 3, 1938, entered in Cause No. 3231 in the District Court of Howard County, Texas, awarding Texas Land & Mortgage Company title and possession of the premises, and not appealed from; (4) the order of March 30, 1938, dismissing the debtor proceeding; (5) the sale thereafter in 1938 by Texas Land & Mortgage Company to one O'Daniel, which sale plaintiff, receiving part of the commission, actively helped to bring about by assuring O'Daniel that the Texas Land & Mortgage Company had title; and (6) the judgment[2] in Cause No. 4067 in the District Court of Howard County, Texas, brought by J. B. Wheat against Texas Land & Mortgage Company and E. T. O'Daniel, defendants, to recover title and possession to the land in controversy, and to set aside the judgment in Cause No. 3231.

On November 29, 1944, two unsecured creditors joined in the prayer of the debtor to reopen and reinstate.

The district judge, after a hearing on all the matters set up in the motion to reopen and in the answers in opposition, at which the only controverted issue was as to whether claimant had, as he claimed, filed with the conciliation commissioner a subsection s petition, found the facts and law to be substantially as alleged by defendant.[3]

---

1 Sec. 203 sub. s, Title 11, U.S.C.A., without exception, limitation or qualification provides: "(s) Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition or answer, asking to be adjudged a bankrupt."

2 Affirmed, Wheat v. Texas Land & Mortgage Co., Tex.Civ.App., 163 S.W. 2d 880.

3 He found that: (1) the bankruptcy court in the debtor proceeding on December 13, 1937, found that there was no equity for the debtor in the land and no feasible method of rehabilitating him, and, therefore, declining to restrain the mortgagee from proceeding with its foreclosure, had expressly authorized it to proceed to sell the land at trustee's sale; (2) petitioner had not, as he claimed, filed a subsection s petition to be adjudged a bankrupt farmer, and if, as he claimed but the court did not find, he did deliver one to the conciliation commissioner, he did not further prosecute it; (3) on February 3, 1938, judgment for title and possession went against the debtor in the state court; (4) on Feb. 5, 1938, the conciliation commissioner filed his report with the clerk; on March 28, 1938, the court entered a judgment which was not excepted to and not appealed from, dismissing the proceedings without prejudice to the rights of the debtor to amend his petition and proceed under the Bankruptcy Act; the debtor, however, took no further action in the bankruptcy court until he filed his motion to reopen and reinstate; neither did he until the filing of this motion at any time do anything to secure any rights under subsection s he may have had, or request any further relief in bankruptcy; (5) after the judgment had gone against him in the state court, the debtor participated in effecting the sale to O'Daniel, represented to him that the company had a good and sufficient title, and received part of the commission; (6) in 1940, the debtor filed suit in the state court against Texas Land & Mortgage Co. and O'Daniel, to set aside the trustee's sale and to nullify the judgment the company had obtained against him in the first state court suit; (7) judgment went against him in this suit, he took an appeal, the judgment was affirmed (see note 2 supra), the Supreme Court of Texas denied writ of error, the Supreme Court of the United States denied certiorari, and the judgment in the state court that plaintiff had no title to and no interest in the property became final.

He concluded: (1) That the judgment of the bankruptcy court of December

This appeal is from the judgment refusing the motion to reopen and reinstate the debtor proceeding, but authorizing movant, if so advised, to file proceedings in bankruptcy, without prejudice, however, to O'Daniel's title to the land.

From this judgment, Wheat, the debtor, alone appeals. Putting his trust in Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, and the many cases which have held that Section 75 of the Bankruptcy Act[4] subjects to exclusive federal jurisdiction the farmer debtor and his property, automatically[5] stops all foreclosure proceedings in state court suits after debtor petition is filed unless consent of the bankruptcy court is given in strict accordance with the requirements of the statute,[6] he insists that the foreclosure was ineffective and the state court judgments were invalid.

Appellees, relying on Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041, Bernards v. Johnson, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. 11, and the many cases decided on their authority, insist: that the order of the bankruptcy court authorizing the mortgagee to proceed with the trustee's sale was not void but merely erroneous; and that not appealed from but acquiesced in, it became final and furnished full support for the judgment in the first state court suit. They insist further: that the order of March, 1938, dismissing the debtor proceeding was likewise, if not correct, merely erroneous; that it became final when not appealed from so that the bankruptcy court lost jurisdiction of the debtor and his property; and that the property having thereafter been sold to O'Daniel and judgment entered in his favor in the state court suit, it is too late now to attempt to reopen the debtor proceeding.[7] Finally, pointing out that plaintiff, after all these things had transpired, invoked the jurisdiction of the state court in a suit of trespass to try title, tendered for trial and decision there every point and issue which he now makes, and there suffered a final adverse judgment,[8] they insist that he is now finally barred and estopped by it.

 We agree with appellees. Every matter in controversy in this present litigation, except whether appellant, after his debtor petition failed, filed in the proceeding and prosecuted a Section 75, sub. s petition, were raised and expressly decided in the state court case.[9] That question, though not expressly raised and decided, was within the compass of the tendered issues, and under the settled principles of res judicata it was settled and concluded by the judgment. To permit plaintiff to again litigate the questions already litigated and decided against him would be in complete violation of the principle that matters once determined may not be again litigated. If, therefore, we could agree with appellant that the issues had been wrongly decided in the state court, we should never-

13, 1937, authorizing foreclosure of the property by trustee's sale, and that of March, 1938, dismissing the debtor proceedings were rendered by a court vested with jurisdiction, and, though erroneous, not having been excepted to or appealed from, became final and conclusive; and

(2) Since the debtor did not file an amended petition under Subsection s or further prosecute proceedings for relief in bankruptcy, he abandoned such remedies as he may have had in that court, and the jurisdiction of the bankruptcy court came to an end.

(3) That when the debtor went into the state court in 1940, to litigate with his mortgagee and its vendee the title and possession to the land, and there raised and had determined against him all the questions of jurisdiction and right he now raises, the judgment on affirmance became final and absolute and was pleadable in bar as res judicata.

(4) That O'Daniel, having purchased the property for valuable consideration in reliance on the judgments of the Bankruptcy and the state courts, and the conduct of the debtor in helping to bring about the sale, was entitled to rely on the judgments and the conduct of the debtor as a complete estoppel against the debtor from claiming against him.

4 11 U.S.C.A. § 203.

5 Collins v. Federal Land Bank, 8 Cir., 119 F.2d 228.

6 Bastian v. Erickson, 10 Cir., 114 F. 2d 338; Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105; Trego v. Wright, 6 Cir., 111 F.2d 990; Mangus v. Miller, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. 169.

7 Garlington v. Wasson, 5 Cir., 139 F. 2d 183; Kalb v. Feuerstein, 7 Cir., 116 F.2d 775.

8 Cf. Brinton v. Federal Land Bank, 10 Cir., 129 F.2d 740; Wharton v. Farmers & Merchants Bank, 8 Cir., 119 F.2d 487.

9 Wheat v. Texas Land & Mortgage Co., Tex.Civ.App., 163 S.W.2d 880.

theless affirm the judgment here. But we do not agree with the appellant. We agree fully with the disposition made and the reasons given in the state court opinion, and, without burdening this opinion, therefore, with further statement of the facts or discussion of the legal questions raised, we content ourselves with saying that for the reasons set out in that opinion, the judgment is

Affirmed.